UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| In Re: | Case No.: | 20-18381<br>~~16-14328~~-ABA<br>~~xxxxxxx~~ |
|---|---|---|
| Charles Eric Kern, | Chapter: | 12 |
| Debtor. | Hearing Date: | November 12, 2020 |

## OPINION

      Before the court is the Motion to Object to Claims of Parke Bank filed by the debtor Charles Kern ("Kern") and the Cross Motion re: Allow Claim of Parke Bank filed by Parke Bank ("Parke"). Doc. Nos. 99, 133. Kern seeks disallowance of Parke's claim pursuant to section 502(b)(9) because it was filed after the deadline for filing proofs of claim. Parke does not dispute that its claim was filed late but argues that its Motion for Relief from Stay qualifies as an informal proof of claim. Parke opposed Kern's motion, Doc. No. 133, and Kern opposed Parke's cross motion. Doc. No. 148.[1] The court, finding that Parke has met all five of the elements set forth by the Third Circuit for the allowance of an informal proof of claim, will deny Kern's motion and grant Parke's cross motion.

## JURISDICTION AND VENUE

      This matter before the court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (O), and the court has jurisdiction pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157(a) and the Standing Order of Reference issued by the United States District Court for the District of New Jersey on July 23, 1984, as amended on September 18, 2012, referring all bankruptcy cases to the bankruptcy court. The following constitutes this court's findings of fact and conclusions of law as required by Federal Rule of Bankruptcy Procedure 7052.

## PROCEDURAL HISTORY

      This matter is before the court on Kern's Motion to Object to Claims of Parke and Parke's Cross Motion re: Allow Claim of Parke Bank. Doc. Nos. 99, 133. Supplemental pleadings and responses were filed in support of the parties' positions. The court conducted a hearing on the Motion and Cross Motion at which time both parties, through their counsel, appeared and made arguments and addressed the court's questions. The matters were taken under advisement for the court to consider the parties' arguments. The matter is now ripe for disposition.

---

[1] Kern opposed Parke's cross motion on the basis that the failure to file timely did not result from excusable neglect. But Parke did not argue that its formal claim should be deemed timely due to excusable neglect. The Third Circuit considers this ground separately from the informal proof of claim argument. *In re Am. Classic Voyages Co.*, 405 F.3d 127, 133 (3d Cir. 2005) ("Even if Hefta's letter to Logan fails to qualify as a timely informal proof of claim, the Bankruptcy Court could accept a late claim if the delay resulted from excusable neglect."). Thus, the court need not address the excusable neglect argument.

## FINDINGS OF FACT

The only relevant facts are that the deadline to file a proof of claim was September 17, 2020, and Parke filed its claim on October 9, 2020. Prior to that, Parke filed its Motion for Relief from Stay re: Certain Real Property and all Business Assets and Equipment of Debtor on August 7, 2020.[2] Doc. No. 29. Parke's Motion for Relief states that it holds a money judgement against Kern, Tara Kern and CEK Farms in the amount of $3,261,900. It details what defaulted loans make up the money judgment and by what property they were secured. It states that Parke filed UCC-1 Financing Statements to perfect its personal property liens and recites the UCC's description of property. Parke's Motion for Relief also states that it holds a judgment in foreclosure in the amount of $3,236,900. It asserts that it is in first lien position as to the real properties and junior only to creditor Growmark on other security. Finally, Parke seeks relief from the stay as it is not being paid on its secured claim, and its secured lien is rapidly depreciating.

Of note, Parke has been a particularly aggressive creditor in this case. Certainly, Kern, the Chapter 12 Trustee, and other creditors have been on notice of Parke's claim. Kern has acknowledged Parke's security interests and even consented to the amount of the judgment prepetition. What is more, Kern's plan specifically provides for treatment of Parke's claim.

## DISCUSSION

The bankruptcy rules require creditors to file a formal proof of claim regardless of whether the debtor listed the creditor's claim in the bankruptcy schedules it filed with the court. Fed. R. Bankr. P. 3002(a). However, it is well accepted that bankruptcy courts are guided by principles of equity and that they will act to assure that "fraud will not prevail, that substance will not give way to form, that technical considerations will not prevent substantial justice from being done." *Pepper v. Litton*, 308 U.S. 295, 305 (1939). Accordingly, when a creditor fails to file a formal proof of claim prior to the bar date, bankruptcy courts sometimes permit a claim to proceed on the theory that another document may be deemed an "informal proof of claim." *Am. Classic Voyages Co. v. Official Comm. (In re Am. Classic Voyages Co.)*, 405 F.3d 127 (3d Cir. 2005). "The informal proof of claim doctrine permits a bankruptcy court to treat a late formal proof of claim as timely because it relates back to a document—the informal proof of claim—filed before the bar date." *Han–Hsien Tuan*, 2013 WL 5719505, at *5, (D.N.J. Oct. 21, 2013) (J. Martini) (citing *Grubb*, 169 B.R. 341, 347 (Bankr. W.D. Pa. 1994)).

> The Third Circuit uses a five-part test to determine whether a document qualifies as an informal proof of claim. *Am. Classic Voyages Co.*, 405 F.3d at 130-31. Specifically, a document constitutes an informal proof of claim if: (1) it is in writing; (2) it contains a demand by the creditor on the estate; (3) it expresses an intent to hold the debtor liable for the debt; (4) it is filed with the bankruptcy court; and (5) given the facts of the case, it would be equitable to treat the document as a

---

[2] In addition, on August 14, 2020, Parke filed its Cross Motion re: Enjoin Use of Cash Collateral and for Accounting alleging it is a secured creditor of Kern by virtue of multiple security agreements and mortgages, and Parke has a perfected all-asset lien including cash collateral. Doc. 34.

proof of claim. *Id.* A document must satisfy each part of this test to qualify as an informal proof of claim. *Id.*; *Petrucci*, 256 B.R. at 706 (outlining the same five-part test).

*In re Roper & Twardowsky, LLC*, 15-32878 (SLM), 2017 WL 3311222, at *7–8 (Bankr. D.N.J. July 5, 2017) (J. Meisel).

An informal proof of claim must include the same substantive elements as a formal proof of claim. *Id.* (citing *Am. Classic Voyages Co.*, 405 F.3d at 131). It must put the debtor on notice of the creditor's demand and to the existence, nature and amount of the claim. *Id.*

Judge Stripp in *In re Petrucci*, 256 B.R. 704 (Bankr. D.N.J. 2001), held that a nondischargeability complaint was a valid informal proof of claim, finding regarding the fifth element that allowance was equitable where there was no prejudice to administration other than one evidentiary issue that was easily solved. *Id.*, at 707. The trustee there offered no evidence of any detrimental reliance by other creditors on receiving a particular percentage dividend. *Id.* Denial of the claim would result in a windfall to those creditors. *Id.*

In *In re Roper & Twardowsky, LLC*, *supra*, Judge Meisel determined that two of a creditor's counterclaims constituted an informal proof of claim. In so determining whether this was equitable, she weighed the facts that denial of the claim could provide a windfall to the other unsecured creditors, that the creditor timely filed a claim based on another counterclaim but failed to do so on the subject two, and that the creditor was a law firm. Regarding the latter, Judge Meisel stated:

> Bendit's identity and the actions it took in this case weigh against Bendit's request to recognize an informal proof of claim. As a law firm, Bendit's level of sophistication goes without saying. Further, no other creditor rivals Bendit's involvement in this case.

*In re Roper & Twardowsky, LLC*, 2017 WL 3311222, at *11. But she continued:

> Yet, the Amended Claim Objectors were all on notice of Counterclaims Two and Three from the beginning of the bankruptcy proceeding and before it. The Counterclaims are not breaking news.

*Id.*

Finally, in *In re Am. Classic Voyages Co.*, 405 F.3d 127 (3d Cir. 2005), the Third Circuit affirmed denial of allowance of an informal proof of claim where the creditor sought to have a letter sent to the claims agent for the debtor deemed a proof of claim. The court explained that the distinction between formal and informal proofs of claim refers only to their form, not substance. *Id.*, at 132. Because the letter did not contain a demand on the estate—it merely stated that the creditor had a claim, asked for a proof of claim form, and inquired as to insurance coverage—it failed the second prong of the test for an informal proof of claim. *Id.*, at 129, 132.

Courts outside of the Third Circuit have specifically deemed Motions for Relief as informal proofs of claim. *See In re Hall*, 218 B.R. 275, 277 (Bankr. D.R.I. 1998) (stating that the document "alerts the court to the existence, nature and amount of the claim, and makes clear the claimant's intent to hold the debtor liable."); *Matter of Veilleux*, 140 B.R. 28, 29 (Bankr. D. Conn. 1992) ("Rulings from other circuits are uniform in their holdings that when a creditor's motion for relief from stay contains an indication that the creditor intends to hold the debtor liable for an adequately-described claim, such motion may be treated as a document evidencing an informal proof of claim.") (citing cases from the Fifth, Ninth and Eleventh circuits).

In contrast, denial of treating a Motion for Relief as an informal proof of claim occurred where the motion "contain[ed] no explicit intention to hold the bankruptcy estate liable for any unsecured claim it might have against the debtor. It request[ed] only that it be permitted to foreclose its security interest in the subject real estate. Second, the motion contain[ed] no explicit or implicit claim for a right to participate in the distribution of the assets of the estate." *In re Glick*, 136 B.R. 654, 657 (Bankr. W.D. Va. 1991).

In *In re Pernie Bailey Drilling Co., Inc.*, 105 B.R. 357 (Bankr. W.D. La. 1989), the court held that the lift stay motion "merely evidences the Bank's desire to pursue its legal and equitable rights with respect to the security provided by the Debtor. . . . It contains no express or implied demand nor any expression of intent to hold the Debtor liable for any unsecured debt." *Id.*, at 359.

Similarly, the creditors in *In re Mitchell*, 82 B.R. 583 (Bankr. W.D. Okla. 1988), did not indicate an intent to hold the estate liable: instead, they indicated they wanted the property abandoned from the estate for them to pursue outside of the bankruptcy proceeding. *Id.*, at 586.

These last three cases appear to parse the Third Circuit's third element more narrowly than the Third Circuit has, as the creditors in each did seek to execute against property of the estate. In *Roper & Twardowsky, LLC*, Judge Meisel found that a Notice of Removal that "clearly state[d] that Bendit expected its Counterclaims to have 'a clear and direct impact on property of the estate' and affect 'the liquidation of assets of the estate[,]'" met this third requirement. *In re Roper & Twardowsky, LLC*, at *11.

In applying the Third Circuit's test to Parke's Motion for Relief, the court finds the following:

(1) It is in writing

Parke's Motion for Relief is in writing.


(2) It contains a demand by Parke, the creditor, on the estate

Parke's Motion for Relief states that it holds a money judgement against Kern, Tara Kern and CEK Farms in the amount of $3,261,900. It details what defaulted loans make up the money judgment and by what property they were secured. It states that Parke filed UCC-1 Financing Statements to perfect its personal property liens and recites the UCC's description of property.

Parke's Motion for Relief also states that it holds a judgment in foreclosure in the amount of $3,236,900. It asserts that it is in first lien position as to the real properties and junior only to creditor Growmark on other security.

### (3) It expresses an intent to hold Kern liable for the debt

Parke's Motion for Relief seeks court permission to pursue its rights under applicable non-bankruptcy law as to the collateral on its loans, that collateral being property of the estate. Parke also argued that the Motion for Relief also described Parke's efforts to collect rents and proceeds prepetition, and that it filed a Motion to Dismiss or Convert the case and an adversary proceeding to deny discharge of its debt based on Kern's fraudulent conduct,[3] making it plain that Parke intends to hold Kern liable for the debt, whether secured or unsecured.

### (4) It is filed with the bankruptcy court

Parke's Motion for Relief was filed with the court.

### (5) Given the facts of the case, it would be equitable to treat the document as a proof of claim

Here, Parke argues that the totality of the circumstances supports that it would be equitable to treat the Motion for Relief as a proof of claim, citing that:

- Kern, the trustee and other creditors have been on notice of Parke's claim;
- Kern has acknowledged Parke's security interests
- Kern consented to the amount of the judgment prepetition
- Kern filed the bankruptcy case to stop Parke's attempts to collect on its judgments

Parke further argues that Kern's chapter 12 plan does not provide a dollar amount for his dividend to unsecured creditors, thus unsecured creditors cannot have relied on receiving a certain percentage. It argues that denying its claim would be a windfall to the rest of the unsecured creditors since Parke's deficiency claim could be large. Parke argues that Kern has no substantive objection to Parke's claim since the amounts due were determined in state court prepetition, based upon an amount agreed upon by Kern. This is not a surprise claim.

The court adds that this is not the situation where there is a confirmed plan that relies on certain amounts to be paid to creditors, i.e., there is no prejudice to the case's progress. Allowing the Motion for Relief as an informal proof of claim just adds Parke's deficiency to the unsecured pool of creditors.

---

[3] Both of these were filed after the proof of claim deadline. The Eleventh Circuit has held that a court can examine other documents and actions of a creditor even if they occurred after the deadline to file a proof of claim. *In re Charter Co.*, 876 F.2d 861, 864 (11th Cir. 1989).

On the other hand, if disallowed, Parke will still have its secured claim, but the unsecured deficiency would be discharged. Kern only disclosed $25,465 in business-related property and $1,500 in farm-related property, Doc. No. 20, p. 10, so there is not much of a pot for Parke to share in. And Parke's attorney, Ms. McDowell, is a well-rated attorney who has been quite active in this case.

Finally, as discussed during the hearing on the motion and cross-motion, Kern's plan specifically provides for the payment of Parke's claim through cram-down. It is unclear, and Kern's counsel could not explain, how the plan could provide for *any* treatment of Parke's claim if it was disallowed. Moreover, disallowance for plan treatment purposes and, in turn, payment in the bankruptcy case, does not equate to an expungement of the lien against the property. That would still have to be addressed through proper and valid challenges, probably in another forum. Given these facts, it would be equitable, if not appropriate, to treat the Motion for Relief as a proof of claim to be addressed in the case.

Ultimately, the court believes the balance of equities in the case supports that the Motion for Relief be deemed an informal proof of claim, amended by the formal proof of claim later filed.

## CONCLUSION

Parke having met all five of the elements set forth by the Third Circuit for allowing an informal proof of claim, the court will deny Kern's motion and grant Parke's cross motion.

Counsel to Parke shall submit the appropriate proposed form of Order consistent with this Opinion.

/s/ Andrew B. Altenburg, Jr.
United States Bankruptcy Judge

Dated: December 2, 2020