UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| In Re: | Case No.: | 20-18381-ABA |
|---|---|---|
| Charles Eric Kern, | Chapter: | 12 |
| Debtor | | |

## OPINION

Before the court is consideration of the Interim Fee Application ("Fee App") filed by debtor's counsel Kasen & Kasen ("Kasen"). Parke Bank ("Parke") objects to the Fee App and the chapter 12 trustee ("Trustee") joined Parke's objection. For the reasons set forth below, the court determines that the Fee App must be reduced and awards Kasen fees of $125,520 and $7,546 in expenses to be offset by any prepetition retainer or funds paid.

## JURISDICTION AND VENUE

This matter before the court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (O), and the court has jurisdiction pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157(a) and the Standing Order of Reference issued by the United States District Court for the District of New Jersey on July 23, 1984, as amended on September 18, 2012, referring all bankruptcy cases to the bankruptcy court. The following constitutes this court's findings of fact and conclusions of law as required by Federal Rule of Bankruptcy Procedure 7052.

## PROCEDURAL HISTORY

Kasen filed its Fee App on April 19, 2021. Doc. No. 238. Parke filed its objection, Doc. No. 243, stating that the Fee App is excessive in light of representations made in the confirmed plan, the fact that the estate will likely end up administratively insolvent as a result, and the fact that certain work performed was either clerical yet charged at $500/hour, or repetitious, unreasonable, or unnecessary. The Trustee joined Parke's objection, Doc. No. 246, emphasizing that the amount sought is much greater than that estimated in the confirmed plan, harming the debtor's fresh start.

The court conducted a hearing on the Fee App, at which time all parties appeared and made arguments. At that hearing, the court questioned the parties about their positions. The court also admonished Kasen for disregarding this court's previous direct written rulings to Kasen that administrative tasks that are routine, ministerial, secretarial, or paralegal in nature are NOT compensated at an attorney's highest hourly rate. *See In re Redington*, 16-18407-ABA, 2018 WL 6444387, at *7 (Bankr. D.N.J. Dec. 6, 2018); *In re Larosa Greehouse, LLP,* Bankr. Case No. 15-30672-ABA, Doc. No. 179 (Bankr. D.N.J. May 1, 2017) (unpublished); and *In re DeMarco*, BR

14-28245-ABA, 2016 WL 899915, at *5 (Bankr. D.N.J. Feb. 9, 2016). The court instructed Kasen to respond to its questions as to why the Fee App should not be reduced.

The parties were afforded additional time to supplement their arguments and address the court's concerns, and the matter was taken under advisement. All submissions have been made and the matter is now ripe for disposition.

## DISCUSSION

### Preliminary Items

The court incorporates the time entries submitted by Kasen in the Fee App. No one has disputed the accuracy of the time entries but only argues that the fees are excessive, unreasonable, or unnecessary, and may harm the debtor's fresh start.

Kasen seeks allowance of $156,900 in fees and $7,546 in expenses for a total award of $164,446, less a credit for a $20,000 prepetition retainer.

Kasen's highest hourly rate $500 is assessed for the overwhelming majority of the time set forth in the Fee App.

The debtor himself, Christopher Kern, filed a Certification with this court explaining that he reviewed the objections of Parke and the Trustee, acknowledging that the payment of the Kasen fees will hamper his ability to pay non-dischargeable debt provided for under the plan, and stating that he fully supports payment in full of the Fee App. *See* Doc. No. 253-2.

As Parke pointed out and Kasen did not dispute, while in the Third Modified Plan, Kasen estimated $60,000 in counsel fees as of November 23, 2020, *see* Doc. No. 163, p. 19, in reality, it already had accrued $106,000 in fees as of that date. Doc. No. 243, p. 2.

Section 1222(a)(2) provides that "The plan shall—. . . (2) provide for the full payment, in deferred cash payments, of all claims entitled to priority under section 507, unless the holder of a particular claim agrees to a different treatment of that claim[.]" and both the IRS and the New Jersey Division of Taxation, the only priority creditors in this case, agreed to different treatment in stipulations filed with the court. Doc. Nos. 192 and 194. In effect, those creditors have agreed to accept a shortfall in payments of their priority claims under the Chapter 12 Plan and that shortfall will be a nondischargeable debt owed by, and collectible from, the debtor. Accordingly, the impact of the Fee App on these claims really has no place for consideration here as the debtor understands that impact, agreed to nondischargeability of the claims and knowingly and fully supports payment in full of the Fee App.

Finally, the court is very mindful of, and in fact commented several times on the record over the course of this case, that Parke took a very aggressive and litigious position throughout the course of these proceedings. This in turn required Kasen to expend additional time addressing

matters that might have been, in the court's experience, otherwise resolved without the need for repeated pleadings and hearings.

## The Standard

Under section 330(a), the court may award "reasonable compensation for actual, necessary services rendered" by the attorney and by other professionals "based on (i) the nature of the services, (ii) the extent of the services, (iii) the value of the services, (iv) the time spent on the services, and (v) the cost of comparable services in non-bankruptcy cases." *In re Busy Beaver Building Centers, Inc.,* 19 F.3d 833, 840 (3d Cir. 1994). "[T]he court should not allow compensation for (i) unnecessary duplication of services; or (ii) services that were not (I) reasonably likely to benefit the debtor's estate; or (II) necessary to the administration of the case." 11 U.S.C. § 330(a)(4)(A). The applicant bears the burden of proving that the fees and expenses sought are reasonable and necessary. *Zolfo, Cooper & Co. v. Sunbeam–Oster Co., Inc.,* 50 F.3d 253, 261 (3d Cir. 1995).

The court must conduct an objective inquiry based upon what services a reasonable lawyer or legal firm would have performed in the same circumstances. *In re Fleming Companies, Inc.*, 304 B.R. 85, 89-90 (Bankr. D. Del. 2003). A "judge's experience with fee petitions and his or her expert judgment pertaining to appropriate billing practices, founded on an understanding of the legal profession, will be the starting point for any analysis." *Id.* (citing *Busy Beaver,* 19 F.3d at 854). The court should then consider any evidence submitted with the application or at a hearing. *Id.* When making its consideration, the court is not required to make a line-by-line analysis of the fee application, and a sampling will suffice. *In re Maruko Inc.*, 160 B.R. 633, 642 645 (Bankr. S.D. Cal. 1993) (citing *In re Bank of New England Corp.*, 142 B.R. 584, 586 (D. Mass. 1992)) and *Lindy Bros. Builders of Philadelphia v. Am. Radiator & Standard Sanitary Corp.*, 540 F.2d 102 (3d Cir. 1976). "Because its time is precious, the reviewing court need only correct reasonably discernible abuses, not pin down to the nearest dollar the precise fee to which the professional is ideally entitled." *Busy Beaver*, 19 F.3d 833 at 844-45.

Finally, a fee applicant's failure to exercise billing judgment will result in reduction of fees where, in the sound discretion of bankruptcy court, such fees are unreasonable. *In re Maxine's, Inc.*, 304 B.R. 245 (Bankr. D. Md. 2003). The exercise of billing judgment is the voluntary reduction of a fee by counsel to a private client for services that either conferred a negligible benefit or were excessive. *Id.* at 249. Such billing judgment is an *absolute* requirement of fee applications in bankruptcy. *Id.*

## Administrative and Routine Tasks at the Highest Hourly Rate are Excessive

The court is truly at a loss as to why it has to again admonish Kasen for submitting a Fee App that once again provides for the charging of the highest possible hourly rate - $500 – for preparation of routine form pleadings, simple letters to parties and the court, and general administrative/clerical tasks. While section 330(a) does bar compensation for administrative/clerical services, *Busy Beaver* 19 F.3d at 848–49, as Kasen acknowledges in its

response, Doc. No. 272, such routine ministerial, secretarial, or paralegal-in-nature tasks generally should not be compensated at an attorney's hourly rates, let alone the highest possible rate. To be sure, Kasen's response provides no basis or challenge against a reduction of fees. Alleged complexity of a case has no weight when considering simple administrative or routine tasks. That Kasen chooses not to utilize staff or a lesser hourly rate for these tasks is of Kasen's own choice. Kasen cannot expect this court to allow an hourly rate of $500 for simple administrative or routine tasks. The fact that the court has to continually admonish Kasen for this is trying and intolerable.

As Kasen is fully aware, *see e.g.*, *In re Redington*, 16-18407-ABA, 2018 WL 6444387, at *7 (Bankr. D.N.J. Dec. 6, 2018); *In re Larosa Greehouse, LLP,* Bankr. Case No. 15-30672-ABA, Doc. No. 179 (Bankr. D.N.J. May 1, 2017) (unpublished); and *In re DeMarco*, BR 14-28245-ABA, 2016 WL 899915, at *5 (Bankr. D.N.J. Feb. 9, 2016), the court "always looks to reasonableness and operates by the guidelines that normal secretarial, paralegal, or junior attorney services should be compensated accordingly—for example, simple correspondence, including filing letters, scheduling of meetings, etc., preparation of basic documents such as notices of motion, subpoenas, etc., and routine document review—should be compensated at a lower hourly rate, *if compensated at all*." *In re McDermott*, No. 05-17387(DHS), 2009 WL 2905375, at *7 (Bankr. D.N.J. Aug. 24, 2009) (emphasis added). *See also Busy Beaver*, 19 F.3d 833; *In re Parrilla*, 530 B.R. 1, 20 (Bankr. D.P.R. 2015); *In re GSC Grp., Inc.*, No. 10-14653 AJG, 2012 WL 676409, at *7 (Bankr. S.D.N.Y. Feb. 29, 2012); *In re Auto. Warranty Corp.*, 138 B.R. 72, 78-79 (Bankr. D. Colo. 1991); *In re Larson*, 346 B.R. 693, 701 (Bankr. E.D. Va. 2006); *In re Worldwide Direct, Inc.*, 316 B.R. 637 (Bankr. D. Del. 2004); *In re Moreno*, 295 B.R. 402, 405 (Bankr. S.D. Fla. 2003); *In re Adelson*, 239 B.R. 627, 629 (Bankr. S.D. Fla. 1999); *In re Jefsaba, Inc.*, 172 B.R. 786 (Bankr. E.D. Pa. 1994); and *In re Green River Coal Co., Inc.*, 163 B.R. 103, 104-05 (Bankr. W.D. Ky. 1994). The Fee App obviously reflects that Kasen once again failed to utilize staff or a reasonable lower hourly rate for the many items which are administrative in nature like - the preparation of standard form pleadings and applications, filings, correspondences and review of filings or emails. Even though it is not required to do so, and mainly because Kasen failed to exercise its own billing judgment in submitting the Fee App, the court has calculated what items in the Fee App, in its own experience, are more properly defined as administrative/clerical or routine tasks. As evidenced by Exhibit "A" attached hereto and incorporated herein, Kasen has 288 time entries for clearly administrative/clerical or routine tasks.[1] Of those 288 entries, only on 3 occasions did Kasen charge at less than the highest hourly rate and even then, the rate charged ($350) was at the highest rate for the attorney involved.

The statement that Kasen does not have staff or the attorney was required to do these tasks himself does not suffice. Simple administrative/clerical or routine tasks should not be billed at the highest hourly rate, period. And truly troubling, with full knowledge of the court's previous rulings against the firm in this regard, Kasen did not even attempt to adjust its hourly rate for administrative/clerical or routine tasks or even generally discount its fees before submitting the Fee App (a common practice in this court's experience, as well as a proper exercise of billing judgment). Instead, Kasen just submitted the Fee App reflecting the highest hourly rate possible. To be sure, the highest hourly rate for simple administrative/clerical or routine tasks is excessive

---

[1] There is an argument to be made that more tasks set forth in the Fee App could have been identified and set forth in this Exhibit.

and unreasonable, and submitting the Fee App with this is a failure to exercise billing judgment, warranting a reduction of fees.

### Unnecessary Services or Services That Were Not Reasonably Likely To Benefit The Debtor's Estate

The court takes issue with the Debtor's Motion for Declaratory Order, Doc. No. 19, when clearly the appropriate course of action was to seek permission to use cash collateral as the Debtor knew creditors had liens on cash collateral. An experienced firm like Kasen should have known this. Indeed, Kasen was even advised to seek permission to use cash collateral by the Trustee almost immediately at the inception of the case. Instead, Kasen chose the more litigious and unsupported route of seeking a declaratory judgment (and even then, the action was defective as declaratory relief comes by way of an Adversary Proceeding, not a motion). In light of the obvious cash collateral issue the court is hard-pressed to understand how the pursuit of the declaratory relief had any value to, or was reasonably likely to benefit, the debtor's estate. The motion was denied. Cash collateral is often a first day issue in most cases. The course chosen by Kasen was unnecessary and a gamble that did not pay off. While the court will not completely disallow fees for the effort, it will not reward Kasen in full for what it deems as an unnecessary service that did not reasonably benefit the estate when there was the obvious and more appropriate option available.

Likewise, the Debtor's Cross-Motion for Turnover of Funds, Doc. No. 109 could not be supported in light of the well-established and basic statutory, case and New Jersey law with regard to set off of deposit accounts and the Supreme Court's holding that a secured creditor's *in rem* rights in collateral passes through bankruptcy unaffected. *See Johnson v. Home State Bank*, 501 U.S. 78 (1991). Even the Debtor's supplemental response fell short. The cross motion was unnecessary litigation unsupported by the law, did not provide value to the estate and the services clearly did not reasonably benefit the estate.

### Excessive Time

In this court's experience, there are many examples of excessive time being spent on certain matters. For example,

• On August 7, 2020, Kasen billed 2.5 hours to review Parke's Motion for Relief from Stay.

• On August 18, 2020, Kasen billed 0.4 hours to prepare an amended Schedule E/F, then billed another 0.2 hours at $500 per hour the following day to review the Order respecting the amendment.

• On August 20, 2020, Kasen billed 0.1 hours reviewing an email confirming a CourtSolutions appearance. (In this court's opinion, that should not have been charged at all.)

• On August 20, 2020, Kasen billed 2 hours to prepare a draft contract for the sale of real estate. However, the contract for the sale of real estate attached to the Motion to Sell was a form contract with certain specific information included.

• On August 25, 2020, Kasen billed 0.4 hours reviewing four emails confirming a hearing time change

• On September 2, 2020, Kasen billed 0.3 hours to review three letters from counsel to Parke sent to Debtor's tenants, which all contained the exact same language.

• For the two adversary proceedings Debtor filed in the case, Kasen billed 0.4 hours each to review the summons, instructions, blank form mediation order, and blank form scheduling order in an adversary proceeding.

• On October 14, 2020 and October 15, 2020, Kasen billed 0.1 hours to review the emails regarding subpoenas, which simply referred to the attachments; then an additional 0.2 hours to review the subpoena and notice themselves, for a total of 0.9 hours.

• In the administrative/routine tasks identified on Exhibit A, there are multiple instances of time being charged for "Review Docket Entries."

• There also appears to be services for matters that may not benefit the estate but rather only the debtor for which the estate should not be charged. For example, the objection to the Trustee's proposed settlement with Parke. The court is at a loss as to the benefit conferred upon the estate for these services.

These are some examples, but nevertheless are proof from the court's experience that the items are excessive/unreasonable, and evidence a failure to exercise billing judgment. And as noted above, the court is not required to make a line-by-line analysis of the Fee App so this sampling suffices. Because most of these excessive fees were set forth in Parke's original objection to the Fee App, Kasen was given proper notice of the problems and an opportunity to respond, which Kasen in fact, did. But, the court is not swayed by Kasen's responses as many of the items listed were not related to the alleged "complex" issues of the case. Litigious pleadings do not make a case complex. Kasen has not—through his responses, arguments at the hearing and/or his supplemental submission in response to the court questions thereafter—convinced the court that these fees are not excessive, and consequently, they are unreasonable.

### Reduction of Fees

Kasen stands firm in its position that the $46,000 reduction suggested by the Trustee is unwarranted but also stands firm in its position that Kasen is entitled to all of its fees. Without question, a reduction of fees is warranted. The court is not inclined to conduct a line-by-line analysis to determine the exact amount of fees to be disallowed. Indeed, as stated above, it is not required to do so. Section 330(a)(3) requires the court to find, *inter alia*, that the services in the Fee App were necessary, reasonable and/or proportionate to the task at hand. The failure to exercise billing judgment, and to continue to ignore this court's previous rulings directly to Kasen

regarding charges for administrative and/or routine tasks also play a role in the court's determination.

"If a court determines some of the time claimed by a party should be excluded, it may also use a percentage deduction as a practical means of trimming fat from a fee application." *In re Nicholas*, 496 B.R. 69, 76 (Bankr. E.D.N.Y. 2011). *See also In re Sullivan*, 674 F.3d 65 (1st Cir. 2012); *In re Redington*, 2018 WL 6444387; *In re Larosa Greehouse, LLP,* Bankr. Case No. 15-30672-ABA, Doc. No. 179 (25% reduction); *In re DeMarco*, 2016 WL 899915; *In re Claudio*, 459 B.R. 500 (Bankr. D. Mass. 2011); *McDermott*, 2009 WL 2905375, at *7 (reducing time for administrative tasks by 20 percent and then allowing an hourly rate of $100 for that time); *In re Spillman Dev. Grp., Ltd.*, 376 B.R. 543 (Bankr. W.D. Tex. 2007) (27.5% reduction); *In re Old Summit Mfg., LLC*, 323 B.R. 154, 163 (Bankr. M.D. Pa. 2004) (50% reduction); *In re Maruko Inc.*, 160 B.R. 633 (Bankr. S.D. Cal. 1993) (25% reduction); and *In re Automobile Warranty Corp.*, 138 B.R. 72, 77 (Bankr. D. Colo. 1991) (10% reduction). Accordingly, the court will reduce Kasen's fee request to $125,520, a reduction of 20%. This reduction is well within the range of reasonableness set forth by this and other courts and is warranted in light of ALL the circumstances regarding the excessive and unreasonable fees charged.

At this point, the court now puts Kasen on notice that if Kasen continues with its practice of billing at the highest hourly rate for simple administrative/clerical and/or routine tasks, there will be significant ramifications for such conduct.

### Estimated Fee Misstatement

As stated above, in the Third Modified Plan, Kasen estimated $60,000 in counsel fees as of November 23, 2020, *see* Doc. No. 163, p. 19, but in reality, Kasen already had accrued $106,000 in fees as of that date. This is concerning to the court. The court does not find Mr. Kasen's explanation credible of why he miscalculated the estimated number for inclusion in the Third Modified Plan. An attorney such as him, with such vast experience, could not have reasonably believed that his fees were only an estimated $60,000, as he should have known at that point in this contested case, at the *third modified* plan stage, that they must be more.

Rule 9011(c)(1)(B) permits a court to enter an Order to Show Cause why Kasen should not be sanctioned for filing a document with a factual contention that lacked evidentiary support. "A party must reach this conclusion based on 'inquiry reasonable under the circumstances.'" *In re Miller*, 529 B.R. 73, 90 (Bankr. E.D. Pa. 2015). "The concern of Rule 9011 is not the truth or falsity of the representation in itself, but rather whether the party making the representation reasonably believed it at the time to have evidentiary support. In determining whether a party has violated Rule 9011, the court need not find that a party who makes a false representation to the court acted in bad faith." *In re Taylor*, 655 F.3d 274, 282 (3d Cir. 2011). "The imposition of Rule 11 sanctions, on the other hand, requires only a showing of objectively unreasonable conduct." *Fellheimer, Eichen & Braverman, P.C. v. Charter Techs., Inc.*, 57 F.3d 1215, 1225 (3d Cir. 1995). In *Miller*, 529 B.R. 73, Judge Fehling imposed sanctions of $75,000 under Rule 9011(c)(1)(B), 11 U.S.C. § 105 and 28 U.S.C. § 1927, against a law firm that charged $43,000 for legal services in a lawsuit over $16,500 that settled for $9,500, despite telling the clients that the fees would only

be $5,000. In *In re Hill*, 437 B.R. 503 (Bankr. W.D. Pa. 2010), the court determined sanctions were appropriate in deciding that a falsity in an allegation was made intentionally or "through reckless disregard or indifference to the facts. . ." where two of the four persons assigned to gather the information for the motion knew that the allegation being made was false. *Id.*, 531 (but sanctioning by way of public censure against Countrywide, through publication of opinion). *See also In re Thomas*, 612 B.R. 46, 70 (Bankr. E.D. Pa. 2020) (J. Frank) (sanctioning debtor's attorney $1,000 to be paid into the debtor's chapter 7 estate, by barring attorney from seeking attorney's fees in the case, and referring the matter to the Acting U.S. Trustee, for filing identical schedules in the debtor's bankruptcy cases filed 16 months apart without considering updated financial information); *In re Friedel*, 324 B.R. 138, 146 (Bankr. M.D. Ala. 2004) (disallowing entire $42,000 fee of mortgagee as "grossly excessive" where local attorneys typically charged between $400 and $2,500 in fees for foreclosure). But given that the court has already reduced the Fee App by 20%, the court does not see the need to penalize Kasen any further.

And while the court appreciates the Trustee's equitable estoppel argument, it is not compelled to take any further action in this regard. First, it is unclear whether the case will be administratively insolvent as a result of Kasen's allowed fees. In addition, the priority creditors are protected and have agreed to treatment under the plan other than what is required by the Bankruptcy Code. The court also agrees with Kasen that there was no representation in the confirmed plan to unsecured claimants of payment of any specific dollar amount, or when, or if they would be paid at all. The representation was that only if money was left over, then that would be distributed to unsecured creditors. It is also not lost on the court that the largest unsecured creditor, and the only unsecured creditor objecting to the Fee App, took a very contentious and litigious approach from the inception of this case. Unavoidable fees were generated as a result of that tactic and Parke is hard-pressed to complain about those fees now. Finally, the Debtor himself, who is bearing the brunt of the effect of these fees, has certified that he fully supports payment in full of the Kasen Fee App. Equitable estoppel is not right here.

## CONCLUSION

A fee applicant must exercise billing judgment and failure to do so will result in reduction of fees where, in the sound discretion of bankruptcy court, such fees are unreasonable. For the reasons set forth above, the court determines that the fees were excessive, unreasonable and/or un called for and as a result, a reduction is appropriate. The Fee App shall be reduced to $125,520. As there was no objection to the expenses incurred, and the court sees no basis for a reduction, the expenses will be allowed in the amount of $7,546. Fees and costs are to be offset by any prepetition retainer or funds paid.

<u>/s/ Andrew B. Altenburg, Jr.</u>
United States Bankruptcy Judge

Dated: August 9, 2021

| | | TIME | RATE | FEE | DESCRIPTION OF SERVICES |
|---|---|---|---|---|---|
| 7/9/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Preparation of email to Judge McDonald informing her of Chapter 12 filing of Eric Kern and automatic stay going into effect |
| 7/9/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of Notice of Bankruptcy Case Filing |
| 7/9/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of Order to Show Cause Why Case Should Not be Dismissed for Failure to File Documents or Extend Time |
| 7/10/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of Entry of Appearance and Request for Notices filed by Rebecca McDowell |
| 7/13/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of Docket Entries |
| 7/13/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Preparation of email to Brian Schafer and Rebecca McDowell re Correspondence and Subpoena directed to James Talarico |
| 7/14/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of Entry of Appearance and Request for Notices filed by Brian Schaffer, Esq. on behalf of Parke Bank |
| 7/15/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of Entry of Appearance and Request for Service filed by Andrea Dobin, Chapter 12 Trustee |
| 7/15/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of Notice of Electronic Filing of Meeting of Creditors |
| 7/16/2020 | DAK | 0.2 | $ 500.00 | $ 100.00 | Review of Notice of Chapter 12 Bankruptcy Case issued by Clerk of Bankruptcy Court |
| 7/16/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of Notice of Electronic Filing of Andrea Dobin added to case as Chapter 12 Trustee |
| 7/17/2020 | DAK | 0.1 | $500.00 | $ 50.00 | Review of email from Andrea Dobin re case appointment |
| 7/17/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of Notice of Appearance filed by Barbara Lapham on behalf of Farm Credit East |
| 7/17/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Preparation of email to Eric Kern re need for bank account information |
| 7/17/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Preparation of email to Eric Kern re Meeting of Creditors |
| 7/17/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of email from Eric Kern re anticipated time for Meeting of Creditors |

| | | TIME | RATE | FEE | DESCRIPTION OF SERVICES |
|---|---|---|---|---|---|
| 7/17/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Preparation of email to Eric Kern re anticipated time for Meeting of Creditors |
| 7/17/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of Case Appointment Confirmation from Trustee and pre-meeting submissions |
| 7/17/2020 | DAK | 0.2 | $ 500.00 | $ 100.00 | Preparation of email to Eric Kern re Memorandum of Instructions from Trustee and pre-submission requirements |
| 7/17/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of email from Andrea Dobin re Document Portal and Memorandum of Instructions |
| 7/23/2020 | DAK | 0.1 | $500.00 | $ 50.00 | Preparation of Change of Address Form for Farm Credit Leasing Services Corp. |
| 7/23/2020 | DAK | 0.1 | $500.00 | $ 50.00 | Preparation of Change of Address Form for Global Financial and Leasing Services, LLC |
| 7/23/2020 | DAK | 0.1 | $500.00 | $ 50.00 | Preparation of Change of Address Form for Western Alliance Bank |
| 7/27/2020 | DAK | 0.2 | $500.00 | $ 100.00 | Review of IRS National Standards for allowable living expenses |
| 7/30/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of email from Andrea Dobin's Document Portal re Pre-Meeting Submissions |
| 7/31/2020 | DAK | 0.2 | $ 500.00 | $ 100.00 | Review of Application for Retention of Counsel for Chapter 12 Trustee filed by Chapter 12 Trustee |
| 7/31/2020 | DAK | 0.2 | $ 500.00 | $ 100.00 | Preparation of Notice of Debtor's Motion for a Declaratory Order re Use of Cash Collateral |
| 7/31/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Preparation of Certification of Service |
| 7/31/2020 | DAK | 0.1 | $500.00 | $ 50.00 | Preparation of Amended Certification of Service re Debtor's Motion for a Declaratory Order |
| 7/31/2020 | DAK | 0.1 | $500.00 | $ 50.00 | Review of email from Andrea Dobin re demand for address change |
| 7/31/2020 | JRK | 0.1 | $350.00 | $ 35.00 | Preparation of email to Andrea Dobin re service upon Trustee |

| | | TIME | RATE | FEE | DESCRIPTION OF SERVICES |
|---|---|---|---|---|---|
| 7/31/2020 | DAK | 0.1 | $500.00 | $ 50.00 | Review of fully executed Order Authorizing Retention of Attorney's for Debtor |
| 7/31/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of email from Andrea Dobin re address change |
| 7/31/2020 | DAK | 0.1 | $500.00 | $ 50.00 | Preparation of email to Bruce Compton re filing of missing documents |
| 8/2/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Preparation of email to Eric Kern re filed Schedules, Statement of Affairs, Statement of Intention and other documents |
| 8/3/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Preparation of Certification of Amendment to Schedules D and F |
| 8/3/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Filing of Disclosure of Status of Domestic Support Obligation and Personal Injury Information on Trustee's Document Portal |
| 8/3/2020 | DAK | 0.1 | $500.00 | $ 50.00 | Preparation of email to Eric Kern re Meeting of Creditors scheduled for August 13, 2020 and mendorandum of instructions |
| 8/3/2020 | DAK | 0.1 | $500.00 | $ 50.00 | Review of email from Bruce Compton re no need to appear at order to show cause |
| 8/3/2020 | DAK | 0.1 | $500.00 | $ 50.00 | Review of Docket Entries |
| 8/3/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Preparation of email to Eric Kern re Schedules and Statement of Affairs filed |
| 8/4/2020 | DAK | 0.1 | $500.00 | $ 50.00 | Preparation of email to Andrea Dobin re clarification of time for Meeting of Creditors |
| 8/4/2020 | DAK | 0.1 | $500.00 | $ 50.00 | Preparation of email to Eric Kern re copy of driver's license and social security card for Meeting of Creditors |
| 8/4/2020 | DAK | 0.1 | $500.00 | $ 50.00 | Review of Notice of Electronic filing of Minutes of Papers filed re order to show cause |
| 8/5/2020 | DAK | 0.1 | $500.00 | $ 50.00 | Review of email from Eric Kern re Driver's license for Meeting of Creditors |
| 8/5/2020 | DAK | 0.1 | $500.00 | $ 50.00 | Review of Social Security Card for Meeting of Creditors |
| 8/5/2020 | DAK | 0.1 | $500.00 | $ 50.00 | Preparation of email to Andrea Dobin re Debtor's Driver's License and Social Security Card |

| | | TIME | RATE | FEE | DESCRIPTION OF SERVICES |
|---|---|---|---|---|---|
| 8/6/2020 | DAK | 0.1 | $500.00 | $ 50.00 | Review of Notice of Electronic Filing of 341 A Meeting to be held by telephone and call-in numbers |
| 8/6/2020 | DAK | 0.1 | $500.00 | $ 50.00 | Review of email from Andrea Dobin's office re correct time for Meeting of Creditors |
| 8/7/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of email from Jennifer Welliver from Trustee's office re Memorandum of Instruction from Trustee with regard to Meeting of Creditors |
| 8/7/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of Certification of Service filed by Parke Bank in Support of Motion for Relief From Stay |
| 8/13/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Preparation of email to Andrea Dobin re copy of 2016 and 2017 tax returns and payoff Franklin Bank |
| 8/14/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of email from Rebecca McDowell re attendance at hearing by phone |
| 8/14/2020 | DAK | 0.1 | $500.00 | $ 50.00 | Review of email from Chambers to Andrea Dobin re Appearances by phone to be made through Court Solutions |
| 8/14/2020 | DAK | 0.1 | $500.00 | $ 50.00 | Review of email from Andrea Dobin to Chambers requesting opportunity to present oral argument in opposition to debtor's motion of decalaratory relief |
| 8/14/2020 | DAK | 0.1 | $500.00 | $ 50.00 | Review of Notice of Appearance filed by Steven P. Kelly, Esq. on behalf of WBL SPE III, LLC |
| 8/18/2020 | DAK | 0.1 | $500.00 | $ 50.00 | Preparation of Certification of Service of Debtor's response to cross motion filed by Parke Bank to Debtor's Motion for declaratory orders to cash collateral |
| 8/18/2020 | DAK | 0.1 | $500.00 | $ 50.00 | Preparation of Certification of Service of Debtor's Response to Objection filed by Farm Credit East to Debtor's Motion for Declaratory Order as to Cash Collateral |
| 8/18/2020 | DAK | 0.1 | $500.00 | $ 50.00 | Preparation of Amended Certification of Service for Debtor's Response to Motion filed by Farm Credit East to Debtor's Motion for Declaratory Order as to Cash Collateral |

| | | TIME | RATE | FEE | DESCRIPTION OF SERVICES |
|---|---|---|---|---|---|
| 8/18/2020 | DAK | 0.1 | $500.00 | $ 50.00 | Preparation of Amended Certification of Service of Debtor's Response to Certification filed by WBL in Opposition to Debtor's Motion for declaratory order |
| 8/18/2020 | DAK | 0.1 | $500.00 | $ 50.00 | Preparation of Amended Certification of Service of debtor's response to cross motion filed by Parke Bank to debtor's motion for a declaratory order as to cash collateral |
| 8/19/2020 | DAK | 0.2 | $ 500.00 | $ 100.00 | Review of Order Respecting Amendment to Schedule E/F |
| 8/19/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Preparation of Certification of Service of Amended Schedule E/F |
| 8/20/2020 | DAK | 0.1 | $500.00 | $ 50.00 | Review of email from Court Solutions approving participation of hearing of 8/25/2020 |
| 8/25/2020 | DAK | 0.1 | $500.00 | $ 50.00 | Review of email from Bruce Compton re moving time of hearing to 10:30 am |
| 8/25/2020 | DAK | 0.1 | $500.00 | $ 50.00 | Review of email from Steven Kelly re confirmation of change of time of hearing |
| 8/25/2020 | DAK | 0.1 | $500.00 | $ 50.00 | Review of email from Barbara Lapham re confirmation of change of time of hearing |
| 8/25/2020 | DAK | 0.1 | $500.00 | $ 50.00 | Review of email from Court Solutions re reminder of scheduled court appearance |
| 8/28/2020 | DAK | 0.2 | $ 500.00 | $ 100.00 | Preparation of Notice of Motion to Void Judicial Lien of Helena Agri Enterprises, LLC |
| 8/28/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Preparation of Certification of Service of Motion to Void Judicial Liens |
| 9/1/2020 | JRK | 0.1 | $ 350.00 | $ 35.00 | Review of email from Court Solution re receipt for hearing of 9/1/20 |
| 9/1/2020 | DAK | 0.1 | $500.00 | $ 50.00 | Preparation of Proposed Order Authorizing Retention of Realtor |
| 9/1/2020 | DAK | 0.1 | $500.00 | $ 50.00 | Preparation of Certification of Service of Application for Retention of Realtor |
| 9/3/2020 | DAK | 0.2 | $ 500.00 | $ 100.00 | Review of Docket Entries |

| | | TIME | RATE | FEE | DESCRIPTION OF SERVICES |
|---|---|---|---|---|---|
| 9/8/2020 | DAK | 0.1 | $500.00 | $ 50.00 | Preparation of Certification of Service of Supplemental Certification of Debtor in Support of Motion for Declaratory Order and Brief in Support of Motion for Declaratory Order |
| 9/9/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of fully executed Order Authorizing Retention of Realtor |
| 9/11/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of email from Rebecca McDowell re link to appear at video deposition |
| 9/21/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of email from Court Solutions re participation approved for hearing on 9/22/20 |
| 9/21/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of email from Rebecca McDowell re reminder that documents demanded by Parke Bank are due on Thursday |
| 9/22/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of email from Court Solutions re appearance reminder for hearing on 9/22/20 |
| 9/22/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of Court Solutions Receipt for 9/22/20 hearing |
| 9/23/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of Docket Entries |
| 9/24/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of fully executed Order Voiding Judicial Liens of Helena Agri, LLC and Parke Bank |
| 9/24/2020 | DAK | 0.2 | $ 500.00 | $ 100.00 | Review of Docket Entries |
| 9/24/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of email from Rebecca McDowell re Zoom invite from Kathy Bowe, Court Report, for deposition of Eric Kern |
| 9/24/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of fully executed Order Denying Debtor's Motion for Declaratory Order as to Cash Collateral |
| 9/24/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Preparation of email to Joan Adams re Order Voiding Judicial Liens of Helena Agri and Parke Bank |
| 9/24/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of filly executed Order Voiding Judicial Liens of Helena Agri Enterprises, LLC and Parke Bank |
| 9/29/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of email from Rebecca McDowell re link to Dropbox for 2004 Examination on 10/1/20 |

| | | TIME | RATE | FEE | DESCRIPTION OF SERVICES |
|---|---|---|---|---|---|
| 9/29/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of Notice of Appearance and Request for Service of Papers filed by Charles A. Gruen, Esq. on behalf of Financial Pacific Leasing, Inc. |
| 9/30/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of Summons and Notice of Pre-Trial Conference in Adversary Proceeding |
| 9/30/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of Instructions for Pre-Trial Proceeding and Trial |
| 9/30/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of Proposed Mediation Order |
| 9/30/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of Form of Joint Order Scheduling Pre-Trial Proceedings and Trial |
| 9/30/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Preparation of Certification of Service of Complaint, Summons and Notice of Pre-Trial Conference Upon Defendant Parke Bank |
| 9/30/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of email from Kathleen Bowe re Zoom meeting |
| 9/30/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of email from Eric Kern re Zoom meeting and estimate of time needed for same |
| 9/30/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Preparation of email to Eric Kern re Certification Concerning Monthly Operating Report |
| 9/30/2020 | DAK | 0.2 | $ 500.00 | $ 100.00 | Review of Claims Register |
| 10/1/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of email from Joe Zapata re inability to return call and will be available tomorrow |
| 10/2/2020 | DAK | 0.2 | $ 500.00 | $ 100.00 | Review of Section 506 of the Bankruptcy Code - Determination of Secured Status |
| 10/2/2020 | JRK | 0.1 | $350.00 | $ 35.00 | Preparation of email to Joan Adams and Eric Kern re 4:30 conference call |
| 10/5/2020 | DAK | 0.1 | $500.00 | $ 50.00 | Review of email from Bruce Compton re Jenny Kasen approved for participation of hearing by Court Solutions for 10/6/2020 hearing |
| 10/6/2020 | DAK | 0.2 | $ 500.00 | $ 100.00 | Review of Claims Register |
| 10/8/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of Court's Notice of Hearing on Confirmation of Plan scheduled for 11/12/20 |

| | | TIME | RATE | FEE | DESCRIPTION OF SERVICES |
|---|---|---|---|---|---|
| 10/8/2020 | DAK | 0.2 | $ 500.00 | $ 100.00 | Review of Rule 2002 re time fixed for filing objections and hearing to consider confirmation of Chapter 12 Plan |
| 10/8/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of Bankruptcy Rule 3015 re serving of Plan |
| 10/9/2020 | DAK | 0.1 | $500.00 | $ 50.00 | Review of email from Court Solutions re case registration success |
| 10/9/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of Notice of Electronic Filing of rescheduled hearing on Motion to Convert Case From Chapter 12 to Chapter 7 rescheduled for 11/10/20 at 10 a.m. |
| 10/9/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of email from Joe Zapata to Judge Altenburg re requesting that the Court entertain oral argument on Parke Bank's Motion for Relief from Automatic Stay |
| 10/13/2020 | DAK | 0.1 | $500.00 | $ 50.00 | Review of fully executed Order Voiding Judicial Lien of National Funding, Inc. |
| 10/13/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Preparation of email to Eric Kern re HUD-1 for 235 Glassboro Road, Upper Pittsgrove Township, NJ |
| 10/13/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Preparation of email to Rebecca McDowell re participating in Settlement Conference concerning Cassaday offer to purchase the real estate for $2,390,000.00 |
| 10/13/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of email from Bruce Compton changing time of hearing to 2:30 p.m. instead of 2 p.m. on 10/13/20 |
| 10/13/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of Notice of Electronic Filing of Minutes of hearing of 10/13/20 granting Motion to Avoid Liens |
| 10/13/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Preparation of email to Kevin Winters re Chapter 12 Trustee to be the one selling collateral |
| 10/13/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Preparation of Certification of Service of Notice of Debtor's Motion to Disallow Claim No. 21 Filed by Parke Bank Out of Time |
| 10/14/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of email from Rebecca McDowell re appearing at Cash Collateral Hearing on 10/20/20 via telephone |

| | | TIME | RATE | FEE | DESCRIPTION OF SERVICES |
|---|---|---|---|---|---|
| 10/14/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of email from Rebecca McDowell re intention to appear at Cash Collateral Hearing on 10/20/20 via telephone |
| 10/14/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of email from Joe Zapata to Chambers re appearing for Motion for Use of Cash Collateral filed by Debtor at hearing on 10/20/20 |
| 10/14/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of email from Chambers re parties to appear for oral argument by Court Solutions |
| 10/15/2020 | DAK | 0.2 | $ 500.00 | $ 100.00 | Preparation of Certification of Service of Notice of Motion to Approve Private Sale of Kern Farms |
| 10/15/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of Docket Entries |
| 10/16/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of email from Barbara Lapham to Chambers re not appearing at oral argument with respect to Debtor's Motion to Use Cash Collateral |
| 10/20/2020 | DAK | 0.2 | $ 500.00 | $ 100.00 | Review of Docket Entries |
| 10/20/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of Notice of Electronic Filing of Minutes of 10/20/20 re denying Motion to Use Cash Collateral |
| 10/21/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of Summons and Notice of Pre-Trial Conference in Adversary Proceeding versus Parke Bank and WBL SPE III, LLC |
| 10/21/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of Pre-Trial Instructions |
| 10/21/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of Proposed Mediation Order |
| 10/21/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of Proposed Joint Order Scheduling Pre-Trial Proceeding and Trial |
| 10/22/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of email from Joan Adams re return date of deposition of Motion to Quash |
| 10/22/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Preparation of Certification of Service of Complaint and Summons and Notice of Pre-Trial Conference of Adversary Proceeding upon Parke Bank, attorneys for Parke Bank, WBL SPE III, LLC and attorneys for WBL SPE III, LLC |

| | | TIME | RATE | FEE | DESCRIPTION OF SERVICES |
|---|---|---|---|---|---|
| 10/25/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of email from Joan Adams re inability of George Cassaday to testify at Motion hearing on 11/12/20 |
| 10/25/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Preparation of Certification of Service |
| 10/27/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of fully executed Order Authorizing Private Sale of 2007 Kaufman Drop Deck Trailer |
| 10/28/2020 | DAK | 0.1 | $500.00 | $ 50.00 | Preparation of Certification of Service |
| 10/29/2020 | DAK | 0.1 | $500.00 | $ 50.00 | Review of Notice of Electronic Filing of Certification of No Objection to Private Sale of 2007 Kauffman Drop Deck Trailer |
| 10/29/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of Adjournment Request submitted by Rebecca McDowell re Plaintiff's Motion for Summary Judgement adjourned to 1/26/21 at 2 p.m. |
| 10/29/2020 | DAK | 0.2 | $ 500.00 | $ 100.00 | Review of Docket Entries |
| 10/30/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of email from Rebecca McDowell re deposition of George Cassaday to take place via Zoom on 11/11/20 at 10 a.m. |
| 11/2/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of email from Joan Adams re George Cassaday agreeing to Zoom deposition on 11/11/20 |
| 11/3/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of Certificate of Service of Certification in Opposition to Motion to Disallow Proof of Claim No. 13 filed by WBL SPE III, LLC |
| 11/4/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of email from Bruce Compton re Exhibits that parties plan to use in support of Motions should be filed by 11/5 |
| 11/4/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of email from Joan Adams re name of attorney for Falcon National Bank |
| 11/4/2020 | DAK | 0.2 | $ 500.00 | $ 100.00 | Review of Claims Register |
| 11/4/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of fully executed Order Denying Motion to Use Cash Collateral and to Determine Security Interest of Parke Bank with Respect to Crops, Farm Products and Accounts and to Determine Security Interest of WBL |

| | | TIME | RATE | FEE | DESCRIPTION OF SERVICES |
|---|---|---|---|---|---|
| 11/5/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of Certification of Service from attorneys from Blue Bridge Financial re Blue Bridge Financial Objection to Confirmation of Chapter 12 Plan |
| 11/5/2020 | DAK | 0.2 | $ 500.00 | $ 100.00 | Review of Notice of Application for Admission Pro Hac Vice filed by attorneys for Blue Bridge Financial, LLC |
| 11/5/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of Certification of Service |
| 11/5/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of Notice of Appearance and Demand for Service of Papers filed by Ruskin, Moscou and Faltischek, attorneys for Blue Bridge Financial, LLC |
| 11/5/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of Notice of Application for Admission Pro Hac Vice to admit pro hac vice Sheryl P. Giugliano |
| 11/6/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Preparation of Certification of Service of Supplemental Certification in Support of Motion to Approve Private Sale of Kern Farms |
| 11/6/2020 | DAK | 0.2 | $ 500.00 | $ 100.00 | Review of Docket Entries |
| 11/9/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of Certification of Service re Response to Parke Bank's Brief in Opposition to Debtor's Motion to Sell Real Property |
| 11/9/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Preparation of email to Joan Adams re approval from Court Solution for appearance at hearing on 11/12/20 |
| 11/9/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of email from Court Solutions for 11/12 hearing re reservation request and notification of Judge |
| 11/9/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of Notice of Electronic Filing rescheduling hearing on Motion to Convert Case From Chapter 12 to Chapter 7 Filed by Parke Bank to 11/10/20 |
| 11/9/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Preparation of email to Rebecca McDowell re attending George Cassaday's deposition by Zoom |
| 11/9/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of email from Rebecca McDowell re correction of time on deposition |
| 11/9/2020 | DAK | 0.5 | $ 500.00 | $ 250.00 | Preparation of Certification of Richard Warner re Sale of Kern Farm |
| 11/10/2020 | DAK | 0.2 | $ 500.00 | $ 100.00 | Review of Docket Entries in main case |
| 11/10/2020 | DAK | 0.1 | $500.00 | $ 50.00 | Review of Notice of Electronic Filing Rescheduling hearing for Summary Judgment Motion in Adversary proceeding 20-01535 |
| 11/10/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of email from Kathleen Bowe re invitation for Zoom hearing with regard to George Cassaday deposition |

| | | TIME | RATE | FEE | DESCRIPTION OF SERVICES |
|---|---|---|---|---|---|
| 11/10/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of email from Joan Adams to Rebecca McDowell re deposition okay as scheduled |
| 11/10/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of email from Rebecca McDowell to Joan Adams re Zoom invitation |
| 11/11/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of email from Joan Adams re Court approval to participate in hearing |
| 11/11/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Telephone conversation with Joan Adams re participating in Court hearing |
| 11/12/2020 | DAK | 0.2 | $ 500.00 | $ 100.00 | Preparation of email to Joan Adams re participating in hearing and request for George Cassaday to testify at Confirmation Hearing |
| 11/12/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of Notice of Electronic Filing of Minutes of 11/12/20 Hearing re Motion to Expunge Claims - Taken Under Advisement |
| 11/12/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of Notice of Electronic Filing of Minutes of 11/12/20 Hearing re Motion to Sell Free and Clear of Liens - Denied |
| 11/12/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of Notice of Electronic Filing of Minutes of 11/12/20 Hearing re Motion for Relief From Stay filed by Parke Bank - Granted - Order to be Submitted |
| 11/12/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of Notice of Electronic Filing of Minutes of 11/12/20 Hearing re Motion for Relief from Stay Filed by Parke Bank - Taken Under Advisement |
| 11/12/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of Notice of Electronic Filing of Minutes of 11/12/20 Hearing re Cross-Motion filed by Charles Eric Kern - Taken Under Advisement |
| 11/12/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of Notice of Electronic Filing of Minutes of 11/12/20 Hearing re Motion to Quash filed by George Cassaday - Motion Withdrawn |
| 11/12/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of Notice of Electronic Filing re Motion to Expunge/Reduce/Modify/Object to Claim filed by WBL re Rescheduled for |
| 11/12/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of Notice of Electronic Filing of Rescheduled Hearing re Motion to Convert Case from Chapter 12 to Chapter 7 filed by Parke Bank |
| 11/12/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of Notice of Electronic Filing of Minutes of 11/12/20 Hearing re Confirmation and Amended Plan to be filed by 11/27/20 |
| 11/12/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of email from Court Solutions re scheduled Court appearance for 11/12/20 |

| | | TIME | RATE | FEE | DESCRIPTION OF SERVICES |
|---|---|---|---|---|---|
| 11/13/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of Order for Admission for Pro Hac Vice for the attorneys for Blue Bridge Financial, LLC |
| 11/13/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of email from Marshall Kizner re phone number for Inspector |
| 11/16/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of Notice of Electronic Filing of Scheduling Order re Confirmation and Motion to Convert/Dismiss |
| 11/16/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of Court Scheduling Order for Confirmation Hearing |
| 11/16/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of email from Marshall Kizner re moving inspection to different day of week |
| 11/16/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of email from Rebecca McDowell re confirmation that Seth Laver sent documents to Joe Zapata |
| 11/18/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of email from Rebecca McDowell to Judge Altenburg re Brief regarding Parke Bank's pre-petition lien on deposit account |
| 11/18/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of Scheduling Order Fixing adjourned date for Confirmation Hearing and fixing date by which new Modified Plan must be filed |
| 11/19/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of email from Chambers to Rebecca McDowell re extending time to reply to Debtor's Brief regarding Parke Bank's pre-petition lien on deposit account |
| 11/20/2020 | DAK | 0.2 | $ 500.00 | $ 100.00 | Review of IRS national standards allowable for living expenses for food, clothing, other items and healthcare expenses |
| 11/20/2020 | DAK | 0.2 | $ 500.00 | $ 100.00 | Review of US Trustee means test allowable living expenses for local housing and utility standards |
| 11/20/2020 | DAK | 0.2 | $ 500.00 | $ 100.00 | Review of IRS local transportation expense standards |
| 11/23/2020 | DAK | 0.2 | $ 500.00 | $ 100.00 | Review of Claims Register |
| 11/24/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of email from Richard Warner re availability for Zoom Confirmation Hearing |
| 11/24/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Preparation of email to Joan Adams re copy of transcript of George Cassaday's Zoom Deposition |
| 11/27/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Preparation of letter to all creditors and parties in interest enclosing Debtor's Third Modified Chapter 12 Plan; Red-Lined Version of Debtor's Third Modified Chapter 12 Plan and Court Scheduling Order |
| 11/27/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Preparation of email to Rebecca McDowell, Joseph Zapata, Andrea Dobin, Sheryl Giugliano and Daniel McAuliffe re Third Modified Chapter 12 Plan and red-lined version of same |

| | | TIME | RATE | FEE | DESCRIPTION OF SERVICES |
|---|---|---|---|---|---|
| 11/30/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of email from Bruce Compton re adjournment of Motion to Expunge Claim of TitleMax for 30 days |
| 11/30/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of email from Bruce Compton re no need for appearance with regard to hearing on Motion to Expunge Claim of TitleMax and Summary Judgment Motion in Kern v. Parke Bank |
| 11/30/2020 | DAK | 0.3 | $ 500.00 | $ 150.00 | Preparation of Certification of Service of Debtor's Third Modified Chapter 12 Plan, Debtor's Third Modified Chapter 12 Plan - Red-Lined Version; and Scheduling Order |
| 11/30/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of Docket Entries for Adversary Proceeding 20-01535, Charles Eric Kern v. Parke Bank |
| 11/30/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Preparation of email to Bruce Compton re scheduling |
| 12/2/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of email from Bruce Compton re adjournment of contested Motion with WBL to new date on 12/17/20 at 10 a.m. |
| 12/2/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of email from Bruce Compton re WBL Contested Motion scheduled for 12/3/20 |
| 12/2/2020 | DAK | 0.1 | $500.00 | $ 50.00 | Preparation of Certification of Service new hearing date for Motion to Disallow Claim #24 |
| 12/2/2020 | DAK | 0.1 | $500.00 | $ 50.00 | Preparation of email to Bruce Compton and Steven P. Kelly re adjourning contested Motion because reasonable prospect of settlement |
| 12/2/2020 | DAK | 0.1 | $500.00 | $ 50.00 | Review of email from Bruce Compton re contested motion re WBL |
| 12/9/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of email from Rebecca McDowell to Chambers re Proposed Form of Order |
| 12/9/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of Proposed Form of Order Granting Parke Bank's Motion for Relief From Stay as to Deposit Account and Denying Debtor's Cross-Motion for Turnover |
| 12/10/2020 | DAK | 0.2 | $ 500.00 | $ 100.00 | Review of Docket Entries |
| 12/11/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Preparation of email to Bruce Compton re Zoom instructions for Confirmation Hearing |
| 12/14/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Preparation of email to Richard Warner, Joan Adams and Eric Kern re Zoom Confirmation Hearing and need for email address and phone number |
| 12/14/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of email from Eric Kern re email address and phone number for Zoom Confirmation Hearing |
| 12/14/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of email from Joan Adams re email address and phone number for Joan Adams to appear at Zoom Confirmation Hearing |

| | | TIME | RATE | FEE | DESCRIPTION OF SERVICES |
|---|---|---|---|---|---|
| 12/15/2020 | DAK | 0.1 | $500.00 | $ 50.00 | Review of Status Change Form filed by Daniel L. McAuliffe on behalf of Blue Bridge Financial withdrawing objection to confirmation |
| 12/15/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of email from Rebecca McDowell to Bruce Compton re Plan Confirmation Hearing and weather |
| 12/15/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Preparation of email to Bruce Compton re scheduling of Confirmation Hearing for 1/8/21 |
| 12/15/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of email from Joe Zapata to Bruce Compton re scheduling of Confirmation Hearing |
| 12/15/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Preparation of email to Heather Renye re email address for witnesses and is confirmation hearing going forward |
| 12/15/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of Scheduling Order rescheduling Confirmation Hearing to 1/8/21 via Zoom |
| 12/30/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of Docket Entries in Adversary Proceeding of Charles Eric Kern v. Parke Bank |
| 12/30/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of Docket Entries in Charles Eric Kern v. Parke Bank and WBL SPE III, LLC |
| 12/31/2020 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of email from Eric Kern re drop off of two checks for Trustee |
| 1/4/2021 | DAK | 0.1 | $500.00 | $ 50.00 | Preparation of Status Change Form indicating settlement of Motion Objecting to Claim No. 24 filed by TitleMax of Delaware, Inc. |
| 1/4/2021 | DAK | 0.1 | $500.00 | $ 50.00 | Preparation of email to Judge Altenberg informing Court of Settlement of Motion Objecting to Claim No. 24 of TitleMax |
| 1/6/2021 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of email from Joe Zapata re confirmation of correspondence received |
| 1/6/2021 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of email from Heather Renye re Zoom Registration Form |
| 1/6/2021 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of Zoom Trial Guidelines |
| 1/6/2021 | DAK | 0.1 | $ 500.00 | $ 50.00 | Preparation of fax to George Hellerman of IRS re Modified Stipulation |
| 1/6/2021 | DAK | 0.1 | $ 500.00 | $ 50.00 | Preparation of email to Judge Altenburg re Consent Order and Stipulation entered into by State of New Jersey Division of Taxation and Debtor |
| 1/6/2021 | DAK | 0.2 | $ 500.00 | $ 100.00 | Preparation of email to Judge Altenburg re Stipulation between Chapter 12 Debtor and Internal Revenue Service, form of Consent Order and Certificate of Consent |
| 1/7/2021 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of email from Rebecca McDowell to Josepha Zapata and Heather Renye re Zoom hearing invite |
| 1/7/2021 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of email from Rich Warner re received invitation to Zoom meeting |

| | | TIME | RATE | FEE | DESCRIPTION OF SERVICES |
|---|---|---|---|---|---|
| 1/7/2021 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of email from Joan Adams re received Zoom invite |
| 1/8/2021 | DAK | 0.1 | $500.00 | $ 50.00 | Review of email from Court Solutions re receipt for hearing dated January 08, 2021 at 10:00 am |
| 1/8/2021 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of email from Court Solutions re Court appearance reminder for Confirmation Hearing |
| 1/13/2021 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of Consent Order re Stipulation between Chapter 12 Debtor and State of New Jersey Division of Taxation Agreeing to a Different Treatment Pursuant to Section 1222(a)(2) for Priority Claim |
| 1/13/2021 | DAK | 0.2 | $ 500.00 | $ 100.00 | Review of Consent Order re Stipulation between Chapter 12 Debtor and United States of America Department of Treasury Internal revenue Service Agreeing to Different Treatment Pursuant to Section 1222(a)(2) for Priority Claim |
| 1/14/2021 | DAK | 0.2 | $500.00 | $ 100.00 | Review of Claims Register |
| 1/14/2021 | DAK | 0.1 | $500.00 | $ 50.00 | Review of email from Court Solutions re receipt for hearing dated January 14, 2021 at 2:00 pm |
| 1/19/2021 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of Order Extending Deadline to Conclude Hearing on Confirmation of Plan |
| 1/20/2021 | DAK | 0.1 | $500.00 | $ 50.00 | Review of email from Rebecca McDowell adjournment request |
| 1/20/2021 | DAK | 0.1 | $500.00 | $ 50.00 | Review of adjournment request for Plaintiffs - Debtors Motion for Summary Judgment |
| 1/20/2021 | DAK | 0.1 | $ 500.00 | $ 50.00 | Preparation of email to Eric Kern re copy of Order Confirming Debtor's Third Modified Chapter 12 Plan |
| 2/1/2021 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of Order Granting in Part and Denying in Part Objection to Claim of WBL SPE III, LLC |
| 2/3/2021 | DAK | 0.2 | $ 500.00 | $ 100.00 | Preparation of Notice of Proposed Abandonment of Debtor's interest in 327 Pine Tavern Road, Upper Pittsgrove Township, NJ |
| 2/5/2021 | DAK | 0.1 | $500.00 | $ 50.00 | Review of email from Sean Lindsay re correction on settlement date and spelling of borrower's name |
| 2/8/2021 | DAK | 0.2 | $500.00 | $ 100.00 | Review of Docket Entries |
| 2/9/2021 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of email from Rebecca McDowell to Judge Altenburg re pre-trial conferences in pending adversary proceedings |
| 2/26/2021 | DAK | 0.1 | $500.00 | $ 50.00 | Review of Notice of Electronic filing of rescheduled hearing from 2/16/2021 to 3/9/2021 re Adversary v. Parke Bank |
| 3/3/2021 | DAK | 0.1 | $500.00 | $ 50.00 | Review of Certification of No Objection to Abandonment of 327 Pine Tavern Road, Upper Pittsgrove Township NJ |

| | | TIME | RATE | FEE | DESCRIPTION OF SERVICES |
|---|---|---|---|---|---|
| 3/3/2021 | DAK | 0.1 | $500.00 | $ 50.00 | Review of Trustee's Notice of Withdrawal of Document No. 10 in Adversary Proceeding 20-01535 re Withdrawal of Notice of Proposed Compromised Settlement of Controversy |
| 3/4/2021 | DAK | 0.2 | $500.00 | $ 100.00 | Review of Docket Entries in Adversary Proceeding No. 20-01535 re Proposed Consent Judgment Avoiding Judgment Lien Against Personal Property |
| 3/7/2021 | DAK | 0.2 | $500.00 | $ 100.00 | Review of Docket Entries |
| 3/9/2021 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of Docket Entries |
| 3/9/2021 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of Notice of Electronic Filing of Minutes of 3/9/21 Hearing adjourning same to 4/6/21 for Adversary No. 20-01572 |
| 3/9/2021 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of Notice of Electronic Filing of Minutes of 3/9/21 Hearing adjourning same to 4/6/21 for Adversary No. 20-01535 |
| 3/10/2021 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of Certification of No Objection to Settlement of Controversy of Claim against Seabrook Brothers & Sons, Inc. |
| 3/10/2021 | DAK | 0.1 | $ 500.00 | $ 50.00 | Preparation of email to Judge Altenburg re Certification of Consent regarding Consent Order Settling Claim Against Seabrook |
| 3/12/2021 | DAK | 0.1 | $ 500.00 | $ 50.00 | Preparation of email to Joseph Zapata re return of signed Deed, witnessed and notarized from Andrea Dobin |
| 3/15/2021 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of email from Joan Adams re time for closing on 3/17/21 |
| 3/15/2021 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of email from Justin Dickey from Farm Credit East re 2 p.m. is good for closing |
| 3/15/2021 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of email from Sean Lindsey re confirmation of date, time and place of closing |
| 3/16/2021 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of email from Eric Kern re meeting place for signing of Deed |
| 3/16/2021 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of email from Eric Kern re time of meeting to sign Deed |
| 3/18/2021 | DAK | 0.1 | $ 500.00 | $ 50.00 | Preparation of email to Rebecca McDowell re confirmation that Parke Bank was wired the net proceeds of sale |
| 3/23/2021 | DAK | 0.7 | $ 500.00 | $ 350.00 | Review of Docket Entries |
| 3/23/2021 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of Docket Entries |
| 3/29/2021 | DAK | 0.2 | $ 500.00 | $ 100.00 | Review of Docket Entries in Adversary Proceeding No. 20-01535 brought by Debtor Against Parke Bank re Avoiding Lien on Debtor's Personal Property |
| 3/30/2021 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of Mediation Order in Dobin v. Parke Bank and WBL |

| | | TIME | RATE | FEE | DESCRIPTION OF SERVICES |
|---|---|---|---|---|---|
| 3/30/2021 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of Joint Order Scheduling Pre-Trial Proceedings and Trial in Dobin v. Parke Bank and WBL |
| 3/31/2021 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of Notice of Electronic Filing of Hearing Scheduled re Objection to Notice of Proposed Compromise or Settlement of Controversy in Main Case |
| 3/31/2021 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of Notice of Electronic Filing of Hearing scheduled re Objection to Notice of Proposed Settlement of Controversy re extent and validity of lien on crops in adversary proceeding |
| 3/31/2021 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of email from Andrea Dobin to Chambers re consensual adjournment request |
| 3/31/2021 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of Adjournment Request re Hearing on Objection to Proposed Settlement of Controversy |
| 3/31/2021 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of Adjournment Request Granted Adjourning Hearing Date to 4/13/21 re Hearing on Objection to Proposed Settlement of Controversy |
| 3/31/2021 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of Certification of No Objection filed by Clerk of Bankruptcy Court re Settlement of Controversy with regard to extent and validity of lien on proceeds of crops |
| 3/31/2021 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of Certification of No Objection to Resolution of Adversary Proceeding No. 20-1535 Avoiding Judgment Lien of Parke Bank on Personal Property |
| 3/31/2021 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of email from Andrea Dobin re requesting one week adjournment of hearing on Objection to Settlement of Controversy |
| 3/31/2021 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of email from Rebecca McDowell agreeing to adjournment |
| 3/31/2021 | DAK | 0.1 | $ 500.00 | $ 50.00 | Preparation of email to Andrea Dobin and Rebecca McDowell re agreeing to adjournment |
| 4/2/2021 | DAK | 0.2 | $ 500.00 | $ 100.00 | Review of Docket Entries |
| 4/7/2021 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of email from Rebecca McDowell re contact information to Comley |
| 4/9/2021 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of email from Rebecca McDowell re confirmation of correct phone number for Eric Kern |
| 4/9/2021 | DAK | 0.1 | $ 500.00 | $ 50.00 | Preparation of Status Change Form withdrawing Objection to Settlement of Controversy |
| 4/9/2021 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of email from Joe Zapata re Status Change Form |

| | | TIME | RATE | FEE | DESCRIPTION OF SERVICES |
|---|---|---|---|---|---|
| 4/9/2021 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of email from Marty Lemmond re refiling Status Change Form to link to Docket No. 230 |
| 4/13/2021 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of Notice of Electronic Filing of Minutes of 4/13/21 hearing re Objection withdrawn |
| 4/13/2021 | DAK | 0.1 | $ 500.00 | $ 50.00 | Review of Notice of Electronic Filing of Minutes of hearing of 4/13/21 re Objection Withdrawn |